IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | 7:00-CR-12 (WDO) |
| KEITH HARNED, | : | |
| | : | |
| Defendant | : | |

**ORDER**

On December 4, 2003, Defendant Harned was sentenced to 210 months imprisonment, to pay a $1,300 special assessment and restitution in the amount of $2,157,776.06. Harned was ordered to pay these monetary penalties "immediately," jointly and severally with his co-defendants. At the time of sentencing, Harned's attorney asked the Court to "designate that half of any income earned by Mr. Harned while he's in prison is designated to go towards payment of restitution." The Court honored the request and inserted the following provision into the J&C: "The Court makes the following recommendations to the Bureau of Prisons: That at least half of defendant's earnings/income go into the Inmate Financial Responsibility Program." Defendant Harned has filed a Rule 36 Motion asking the Court to correct the J&C to state that "half of any income earned by Mr. Harned from his work detail while he's in prison goes toward payment of restitution and special assessments, unless employed in a UNICOR job." The language Harned is now seeking to add to his judgment, "unless employed in a UNICOR job," was not part of the original sentencing request or

1

sentence. The correction he now seeks therefore does not involve a Rule 36 "clerical error." Because Harned has requested the Court to modify the Amended Judgment to include wording *not* presented by him or his counsel during the resentencing hearing, his motion for modification of his sentence is DENIED.

**SO ORDERED this 17th day of May, 2007.**

**S/**
**WILBUR D. OWENS, JR.**
**UNITED STATES DISTRICT JUDGE**