IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| KEITH V. HARNED, : | |
| : | |
| Petitioner, : | |
| : | CASE NO. 7:00-CR-12-HL-MSH-6 |
| vs. : | |
| : | |
| UNITED STATES OF AMERICA, : | |
| : | |
| Respondent. : | |
| : | |

## ORDER AND RECOMMENDATION

On November 9, 2012, Petitioner filed a motion (ECF No. 726) pursuant to Federal Rules of Civil Procedure Rule 60(b), seeking relief from the Court's previous denial (ECF No. 690) of his October 21, 2008 motion (ECF No. 466) to vacate his conviction under 28 U.S.C. § 2255. His stated purpose in originally filing the § 2255 motion, and now pursuing relief under Rule 60(b), is "so that he may obtain adjudication of his ineffectiveness claim on the merits." (Pet'r's Mot. 1.) He contends that he received ineffective assistance of counsel both at trial and on direct appeal. (*Id*.) The Government filed its response to Petitioner's motion on January 10, 2013. (ECF No. 728.) Petitioner then asked leave to reply (ECF No. 729) to the Government's response, which the Court now grants. Petitioner's motion is ripe for review.

## DISCUSSION

As stated above, Petitioner filed his original § 2255 motion on October 21, 2008. (ECF No. 466) That motion was denied on July 19, 2011. (ECF No. 690.) On

September 1, 2011, Petitioner filed a notice of appeal in the United States Court of Appeals for the Eleventh Circuit. (ECF No. 700.) While that appeal was pending before the Eleventh Circuit, Petitioner filed this Rule 60(b) motion seeking the same relief.[1] In an opinion dated February 27, 2013, the Court of Appeals addressed the issue Petitioner raises in his current Rule 60(b) motion and affirmed the decision by this Court denying him relief in the original § 2255 filing. *Harned v. United States,* No. 11-14095, slip op. at 4 (11th Cir. Feb. 27, 2013) (stating "Harned cannot prove that his trial counsel performed deficiently."). The court also held that Petitioner had not properly raised any contention about the deficient performance of appellate counsel, citing *United States v. Jernigan,* 341 F.3d 1273, 1284 (11th Cir. 2003). *Id.* at 6. The United States Supreme Court denied Petitioner's application for writ of certiorari. *Harned v. United States,* No. 11-14095 (11th Cir. 2013), *cert. denied* (Apr. 1, 2013) (No. 12-9004). Thus, the 11th Circuit's opinion of February 27, 2013 was issued as a mandate on June 4, 2013. (ECF No. 735.)

It is clear that the decision of the Eleventh Circuit in Petitioner's appeal regarding the § 2255 motion governs the disposition of this motion. In light of that decision, and having considered Petitioner's motion and reply brief, it is recommended that Petitioner's motion be denied. *See Baumer v. United States*, 685 F.2d 1318, 1320 (11th Cir. 1982) ("[A] decision of a legal issue or issues by an appellate court must be followed in all

---

[1] The Rule 60(b) motion was stayed pending the outcome of Petitioner's appeal on the § 2255 ruling.

subsequent proceedings in the same case in the trial court or on a later appeal in the appellate court[.]")

WHEREFORE, IT IS ORDERED that Petitioner's motion for leave to file a reply brief (ECF No. 729) is GRANTED. Furthermore, IT IS RECOMMENDED that Petitioner's Rule 60(b) motion be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner and/or the Government may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

SO RECOMMENDED, this 19th day of August, 2014.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE